E-FILED
Tuesday, 28 December, 2004  12:10:47 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

## For the Seventh Circuit

Chicago, Illinois 60604

### NOTICE OF ISSUANCE OF MANDATE

DATE: December 27, 2004

TO: John M. Waters
United States District Court
Central District of Illinois
Suite 218
201 S. Vine Street
U.S. Courthouse
Urbana, IL  61802-3369

FILED
DEC 2 8 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

FROM: Gino J. Agnello, Clerk

RE: 03-2513
USA v. Jones, Philip D.
02 CR 20014, Michael P. McCuskey, Chief Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

| ENCLOSED: | | TO BE RETURNED AT LATER DATE: |
|---|---|---|
| [1] | Volumes of pleadings | [ ] |
| [ ] | Loose pleadings | [ ] |
| [2] | Volumes of transcripts | [ ] |
| [1] | Volumes of exhibits | [ ] |
| [ ] | Volumes of depositions | [ ] |
| [4] | In Camera material | [ ] |
| [ ] | Other_____ | [ ] |
| | Record being retained for use in Appeal No. _____ | [ ] |

Copies of this notice sent to:     Counsel of record
[X]     United States Marshal
[X]     United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: __12/28/04__                                s/V. Ball
(1071-120397)                           Deputy Clerk, U.S. District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

<u>**JUDGMENT - WITH ORAL ARGUMENT**</u>

Date: **November 24, 2004**

BEFORE:          Honorable FRANK H. EASTERBROOK, Circuit Judge

                  Honorable MICHAEL S. KANNE, Circuit Judge

                  Honorable DIANE P. WOOD, Circuit Judge

No. 03-2513

UNITED STATES OF AMERICA,
        Plaintiff - Appellee
  v.

PHILIP D. JONES,
        Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 02 CR 20014, Michael P. McCuskey, Judge

      The judgment of the District Court is AFFIRMED,
in accordance with the decision of this court entered on this date.

(1061-110393)

*Mdt.clk*

CERTIFIED COPY

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-2513

UNITED STATES OF AMERICA,

            *Plaintiff-Appellee,*

    *v.*

PHILIP D. JONES,

            *Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 02-20014-001—Michael P. McCuskey, *Judge.*

ARGUED JUNE 8, 2004—DECIDED NOVEMBER 24, 2004

Before EASTERBROOK, KANNE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Like many people who wind up as defendants in criminal cases, Philip D. Jones's problems began when the police stopped his car for a traffic violation. He was arrested after police discovered that he or his passenger had tossed two bags from his car that turned out to contain a substantial amount of cocaine. Jones was charged and convicted of possession of more than 500 grams of cocaine with intent to distribute. At the trial, Jones had unsuccessfully sought to exclude evidence of two prior convictions. The correctness of this ruling is the only remaining issue we must resolve in this appeal. Although we conclude that the admission of this evidence was problematic,

as it seems to show only Jones's propensity to commit drug offenses, we nonetheless also find that on this record any error was harmless. We therefore affirm the judgment against him.

## I

Jones was driving south from Chicago to Decatur, Illinois, on February 5, 2002, when he was pulled over for speeding by Illinois State Police Trooper Darren Devine. As Jones brought the car to a halt, he began apologizing repeatedly to his passenger, Anita Gray, telling her, "I'm sorry. I [screwed] up. I'm sorry." As Devine was walking toward Jones's car, Jones suddenly pulled back onto the highway and sped away; as he did so, someone tossed two brown paper bags out of the passenger window onto the shoulder. Devine's on-board video camera captured the toss on film. Devine immediately pursued Jones's car.

As Jones drove off, Devine radioed Trooper Robert Swift for assistance. He told Swift that he thought he saw Jones toss something out of the car when he initially pulled over. Devine continued to follow Jones; a few minutes later Jones pulled over onto the shoulder again. Devine caught up to him this time, questioned him, and initially arrested him for driving with a suspended license. Swift then arrived, took Gray into custody in his car because there was an outstanding warrant for her from Tazewell County, and then went back to the site of the first stop. There he located the brown bags that had been flung from the window. Those bags turned out to contain almost 750 grams of cocaine. At that point both Jones and Gray were arrested for possession of cocaine.

Gray pleaded guilty in state court to possession of 15 grams of cocaine and received probation and a fine. Jones was less fortunate: he soon faced federal charges of pos-

No. 03-2513                                                      3

session of more than 500 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(2)(B).

Gray testified against Jones at trial, as did two of Jones's fellow drug dealers, Duramis Lovelace and Brian Cole. Lovelace and Cole testified that they had supplied Jones with cocaine on numerous occasions, sometimes on consignment, and sometimes for payment. Both also testified that Jones told them that he often traveled to Chicago to buy kilogram quantities of cocaine from a supplier named Dre. Three months after his arrest, Jones confided to Lovelace that he had been arrested on his way back from Chicago with cocaine that he had purchased from Dre, and that he had intended to sell the cocaine in order to pay back another drug dealer who had fronted Jones cocaine before.

The government also presented the testimony of the two troopers and an expert. The expert testified that it was becoming common practice to toss drugs onto the shoulder while the car was still in motion before halting for a traffic stop, in the hope that the driver would receive only a ticket. Later, the idea went, the driver could return to the spot and retrieve his drugs. The government also introduced evidence of Jones's two prior convictions—an April 1999 conviction for possession of cannabis with intent to deliver and an October 1994 conviction for attempted delivery of a controlled substance, both from Macon County, Illinois. Jones had moved *in limine* to exclude the prior convictions, but the district court denied both that motion and Jones's renewed motion, which he advanced just before trial. The jury found Jones guilty, and he was sentenced to 360 months' imprisonment and eight years of supervised release. Initially, Jones appealed the admission of his prior convictions, the admission of the plea and cooperation agreements between the government and Cole and Lovelace (respectively), and a statement made by the prosecutor during closing. At

4                                              No. 03-2513

oral argument, Jones abandoned his arguments on the latter two points and chose instead to focus on the allegedly erroneous admission of his prior convictions.

## II

Jones objects to the admission of his two prior convictions on the ground that they were not relevant to any permissible issue. That is to say, he argues, the government failed to meet the test for admissibility established by Fed. R. Evid. Rule 404(b), under which it had to demonstrate that the convictions demonstrated "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We review a district court's decision to admit evidence under Rule 404(b) for abuse of discretion. *United States v. Whitlow*, 381 F.3d 679, 686 (7th Cir. 2004).

Evidence of prior convictions is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question. See *United States v. Wash*, 231 F.3d 366, 370 (7th Cir. 2000) (citation omitted). Propensity and intent are two different things, however, even if only a fine line sometimes distinguishes them. The government is entitled to introduce evidence of other acts to show intent if the defendant has been charged with a specific intent crime. *United States v. Macedo*, 371 F.3d 957, 967 (7th Cir. 2004); *United States v. Best*, 250 F.3d 1084, 1091 (7th Cir. 2001); *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). The prior convictions cannot substitute for direct evidence of guilt, but they may be used by the jury as one piece of the government's case. In order to ensure that evidence is admitted for a purpose recognized as proper by Rule 404(b), and not for the impermissible purpose of suggesting propensity to commit the crime, the government must prove that:

No. 03-2513                                                    5

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Id.* at 83.

In its brief, the government argues that Jones's prior convictions demonstrate intent to possess the cocaine in this case because they show that he has, in the past, possessed other illegal drugs with the intent to distribute. But this argument fails to shed any light on the difference between propensity and intent. Propensity, according to Webster's Third International Dictionary, refers to "a natural inclination; innate or inherent tendency." Intent, in contrast, has a volitional overtone to it: synonyms in common usage include purpose, design, or plan. Our prior decisions have not always distinguished carefully between these two meanings. It is possible, on some facts, that prior convictions may reveal a common method of operation, an economic incentive, or other facts that might permit an inference that the same purpose or design motivated the current transaction. In *Macedo, supra,* for example, the prior conviction was used to show intent to possess distribution amounts of the drug. In many situations, however, the existence of prior drug convictions will show nothing more than a propensity to deal in drugs. If that is all that can be inferred, then the evidence is inadmissible.

It will be difficult, if not impossible, to know on which side of the line any particular past conviction falls without both specific evidence about the prior conviction and a well articulated theory of the legitimate purpose that it alleg-

edly serves for the present case. Here, unfortunately, the government did not introduce any facts or details associated with Jones's prior convictions. The Assistant U.S. Attorney then repeatedly told the jury that Jones's prior convictions showed that he was a drug dealer, and that they should, therefore, find that he intended to deal drugs in this case. This looks, walks, and sounds like the argument "once a drug dealer, always a drug dealer."

The government has tried to salvage its position by noting, correctly enough, that all crimes charging intent to distribute are specific intent crimes and that this evidence was admissible to show intent. It also notes correctly that it has the burden of proving the specific intent element beyond a reasonable doubt. But these observations do nothing to help us tell the difference between the illegitimate use of a prior conviction to show propensity and the proper use of a prior conviction to prove intent. To do that, the government must affirmatively show why a particular prior conviction tends to show the more forward-looking fact of purpose, design, or volition to commit the new crime. A prior conviction may be relevant to show intent if the defendant concedes that he possessed the drugs but denies that he planned to distribute them, or if he denies knowing that the substance was contraband. Merely introducing prior convictions without more, however, can prove nothing but propensity, which is not enough to take the evidence out of the exclusionary principle established by Rule 404(b).

What is even more troubling in this case is the government's assertion at oral argument that it wanted to use the prior convictions to show that Jones was familiar with the drive-and-toss technique that Jones used. No evidence exists that Jones's prior convictions involved any such technique, nor that they were the result of traffic stops. The government thus failed to show that the priors were relevant at all for the purpose to which it wanted to put

No. 03-2513                                                          7

them. In the absence of such a foundation, the prior convictions were wrongly admitted.

As usual, however, it is not enough to find that there was error in a decision to admit (or decline to admit) evidence. A finding of this kind of error simply takes us to the next step, which is to ask whether that error "affect[ed] substantial rights." Fed. R. Crim. P. 52(a). Despite our concerns with admission of Jones's prior convictions on the present record, we conclude that any error was harmless, as there was overwhelming evidence of Jones's guilt. Devine's on-board video camera recorded the bags being thrown out of Jones's car. Gray testified that as soon as Devine signaled Jones to pull over, Jones started apologizing and telling her that he had messed up. She also testified that he threw the bags out of the window. Lovelace and Cole both testified about their repeated sales of cocaine to Jones, and Lovelace told the jury that Jones had admitted that he was on his way back from the purchase of cocaine at the time he was arrested. That evidence is more than sufficient to uphold Jones's conviction despite the improper admission of his prior convictions.

For these reasons, we AFFIRM the judgment of the district court.

A true Copy:

   Teste:

                    *Clerk of the United States Court of
                    Appeals for the Seventh Circuit*

USCA-02-C-0072—11-24-04