UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO. CR02-20014 |
| PHILIP D. JONES, | ) |
| Defendant. | ) |

**REVISED POSITION ON PREVIOUSLY
IMPOSED SENTENCE**

Now comes the United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, and hereby states its position with regard to the sentence previously imposed as follows:

I.   Introduction

1.   This case is on limited remand from the Court of Appeals pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The purpose of the remand is for this Court to determine if it "would (if required to resentence) reimpose [the Court's] original sentence." *Paladino*, 401 F.3d at 484. Because the sentence in this case was appropriate and reasonable this Court should find that it would impose the same sentence after the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005).

- 2 -

II.     Procedural and Factual Background

   A.  Indictment and Trial

   2.     The defendant, Philip D. Jones, was charged by indictment with possession of more than 500 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (R.7)[1]

   3.     On February 10 and 11, 2003, a jury trial was held. The defendant was found guilty of the charge. (docket entry 2/11/03; R.61)

   B. Sentencing

   4.     At sentencing, over the defendant's objection, he was found to be a career offender.  His final offense level was 37 and his criminal history category was VI.  The resulting Guidelines range of imprisonment was 360 months to life. (Sent.Tr.19)  The statutory mandatory minimum prison term was 10 years and the maximum term was life. 21 U.S.C. § 841(b)(1)(B). (Sent.Tr.18)

   5.     The district court imposed a sentence at the bottom of the Guidelines range – 360 months of imprisonment. (Sent.Tr.42)  The court also sentenced the defendant to eight years of supervised release.  In doing so, the Court made a number of comments that suggested it felt constrained by the Guidelines range.  First, the Court commented that by not pleading guilty and cooperating, the defendant dictated his Guidelines range: "[Y]ou've put the Court in the position of having to sentence you to

---

[1] References to the documents on the district court's docket sheet are to "R.___"; references to the sentencing transcript are to "Sent.Tr.___".

- 3 -

more time than I think you deserve, and I don't have any choice in that matter. . . . All of the sudden you're throwing it off on us as a problem. You're putting me [in the position of having] to make the decision as to well-settled law, career offender, something that all three lawyers have talked to you about." (Sent.Tr.38)

6. The Court also mentioned that the defendant "was not a hardened criminal," and deserved a better outcome: "I've always felt watching you speak and write in which you've done many times that you deserve a better fate, but these are the cards that you were dealt and you decided to stand on them." (Sent.Tr.38-39)

7. The Court reiterated that the defendant sealed his fate by going to trial when the evidence was against him. (Sent.Tr.38-39) The Court then stated, "So I'll go to bed tonight and sleep well knowing that you received a sentence that I believe is excessive. . ." (Sent.Tr.39)

8. The Court encouraged the defendant to make the most out of his time in prison (Sent.Tr. 39-40), and then remarked, "You're very bright. You're very intelligent. Your record is not so severe that if I was given the chance I would sentence you to 30 years." (Sent.Tr.40)

9. Upon imposing the 30-year sentence, the court concluded that it had "no choice but to follow the law":

- 4 -

> So my sentence to you isn't out of anger. It isn't because I believe you deserve 30 years. It's because that's the law, and I have to enforce it and administer it. . . . And I'm going to give you the minimum sentence, but you shouldn't have put us in this situation. . . . [Y]ou should have thought this thing through, and you should have made a better deal.

(Sent.Tr.41-42)

III.    Analysis

10.    While *Booker* provides that the Guidelines are no longer mandatory, they still retain a presumption of reasonableness in this Circuit. *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). As the Seventh Circuit has stated,

> Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less . . . This shortcut is justified by the indeterminate and interminable character of inquiry into the meaning and application of each of the 'philosophical' concepts in which section 3553(a) abounds.
>
> However, the farther the judge's sentence departs from the guidelines sentence (in either direction--that of greater severity, or that of greater lenity), the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed.

*United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

11.    In addition, 28 U.S.C. § 994(h) provides a clear statement of congressional intent regarding the sentencing of career offenders. Specifically, it provides that, for career offenders, the Sentencing "Commission shall assure that the guidelines specify a

- 5 -

sentence to a term at or near the maximum term authorized[.]" 28 U.S.C. § 994(h).

12. Despite the clear dictates of Congress to sentence a person like the defendant at or near the top of the maximum term authorized - life imprisonment, and despite the defendant proceeding to trial when (as the Court itself noted) the evidence was strongly against the defendant, the Court showed leniency and sentenced the defendant to the bottom of the applicable Sentencing Guideline imprisonment range. In so doing, the defendant received a boon from the Court and avoided a term of life imprisonment. He should not now receive and even greater boon by a lower sentence which would both ignore the Sentencing Guidelines and the clear dictates of Congress.

IV.   Conclusion

13. On limited remand, the character of the defendant and his case remain the same as when the Court originally imposed sentence: the defendant was convicted of a serious drug offense after proceeding to trial. He has a serious criminal history and was designated as a career offender, the very type of person for whom Congress has specifically stated should be sentenced "at or near the maximum term authorized[.]" 28 U.S.C. § 994(h).

14. Thus, notwithstanding *Booker*, there is no reason for this Court to alter its original sentence. Accordingly, the government requests that this Court find that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory.

- 6 -

WHEREFORE, the Court should find that it would impose the same sentence after the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005).

> Respectfully submitted,
>
> JAN PAUL MILLER
> UNITED STATES ATTORNEY
>
> s/ COLIN S. BRUCE
> COLIN S. BRUCE, Bar No. IL 6200946
> Assistant United States Attorney
> United States Attorney
> 201 S. Vine St., Suite 226
> Urbana, IL 61802
> 217/373-5875
> FAX: 217-373-5891
> colin.bruce@usdoj.gov

- 7 -

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. John C. Taylor
>Attorney at Law
>2105 S. Zuppke Drive
>Urbana, IL 61801

>s/ COLIN S. BRUCE
>COLIN S. BRUCE, Bar No. IL 6200946
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>colin.bruce@usdoj.gov