UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CR-20014 |
| ) | |
| PHILIP D. JONES, ) | |
| Defendant. | |

### DEFENDANT'S LIMITED REMAND
### SENTENCING POSITION STATEMENT

Defendant, Philip D. Jones, by his attorney, John C. Taylor, requests the Court to submit a statement to the Seventh Circuit Court of Appeals on this "limited remand that (it) would have imposed a different sentence had (it) known the guidelines were merely advisory," so that Court "will vacate the original sentence and remand for resentencing." *U.S. v. Paladino*, 401 F.3d 471, 484, 2005 WL 435430, 10 (7th Cir., 2005). In support, he states:

Jones was charged and convicted after jury trial of violating of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), knowingly possessing with intent to distribute more than 500 grams of cocaine. He neither testified nor presented evidence. Tr. 218-219. He received a 30 year pre *Booker* sentence May 30, 2003. R. 75. A copy of the sentencing transcript is filed this date as Exhibit "A", Sentencing Transcript May 30, 2003, for the Court's reference. He appealed to the 7th Circuit, with the panel finding error, but harmless, in a pre *Booker* decision November 24, 2004. *U.S. vs. Jones*, 389 F.3d 753 (7th Cir., November 24, 2004) (Jones, 26 at sentencing, was

sentenced to the Guideline minimum of 360 months as a career criminal because of two prior drug offenses, *infra*, and did not appeal the sentence to the 7th Circuit). He petitioned for a writ of certiorari to the Supreme Court subsequent to *Booker*, raising the harmless error issue and *de novo*, the sentencing questions. The Supreme Court granted the writ after considering Government Memorandum (requesting, "Accordingly, the appropriate disposition is to grant certiorari, vacate the judgment of the court of appeals, and remand the case for further consideration in light of Booker and Fanfan."), vacated the 7th Circuit's judgment and remanded back to the 7th Circuit for further consideration in light of *Booker*, with both Defendant and Government filing position statements in the 7th Circuit limited remand to this Court was appropriate.

Trial was January 16-17, 2003, regarding a traffic stop on Interstate 57 February 5, 2002, Jones the driver, Anita Gray the passenger. Government evidence, *inter alia*, indicated the car sped off as the trooper walked up, two paper bags on the shoulder seen by the trooper while driving behind, squad video showing the bags thrown from the passenger side window, passenger testifying Jones threw it. In the bags was 746.4 grams of cocaine. Gov. Ex. 3, Tr. 203-204, R. 58.

Jones was 26 at sentencing May 30, 2003. R. 72 (PSR) p.2. The statutory sentence for conviction of possessing "with intent to distribute over 500 grams of a mixture or substance, a Schedule II substance" (indictment, R. 7) is a mandatory minimum of 10 years, maximum, life. 21 U.S.C.A. § 841(b). His original accountable conduct for the offense itself was 746.4 grams, PSR p. 4, ¶ 10, which

would have yielded a Guideline base level of 26, U.S.S.G. § 2D1.1(7), but two cooperating witnesses implicated him in an additional 2,056.7 grams (one said he observed a front of 56.7 grams, the other said Jones said he went to Chicago once a month to buy half kilograms, calculated in the PSR as two kilograms), PSR p. 5 ¶¶ 14 & 16, resulting in a base level of 28. PSR 6 ¶ 22. His original criminal history points were 9, but he was on parole, with this offense less than two years from prison release, resulting in 12 points, criminal history category of V. PSR p. 10 ¶ 38. U.S.S.G. § 4B1.1 mandated career offender status because of Jones's two prior felony drug convictions in Macon County, attempted delivery of a controlled substance and possession of cannabis with intent to deliver (no other felonies). PSR p.7, ¶ 30. Because of career offender status and the life maximum, the offense level was 37. Id. Also because of it, Jones' criminal history category was mandated to be VI. Id. The Guideline range was 360 months to life. Perhaps career status resulted in no contesting of the other accountable conduct based on what cooperating witnesses said. His total record (including career status offenses) consisted of a juvenile possession of a controlled substance with intent to deliver at 16, PSR p. 8, felony attempted delivery of a controlled substance at 17 (less than one gram), PSR p. 9 (an Illinois class 3, Sent. Tr. 33), misdemeanor obstructing a peace officer at 20, id., traffic driving on a suspended license at 21, id., misdemeanor possession of cannabis at 22, PSR p.10, and felony possession of cannabis with intent to deliver at 22 (30-500 grams, another class 3, 720 ILCS 550/5(d), both of these class threes carrying 2-5 years, 730 ILCS 5/5-8-1(a)(6)). Id. The Government recommended 35

years, Sent. Tr. 28-29, felt the Guideline minimum of 30 years inappropriate because of criminal history and the minimum being "more appropriate for those defendants who have pled guilty even if they choose not to cooperate." Sent. Tr. 21. The high Guideline end, said the Government, was also inappropriate: "He doesn't have an extensive criminal history. It's not horrendous. Your Honor, you and I and I'm sure (counsel for Jones) have all seen criminal histories that were much longer with more heinous crimes than this defendant." Sent. Tr. 22. The Court imposed the Guideline mandatory minimum of 30 years. Sent. Tr. 42. The Court indicated it had no choice but to sentence him "to more time than I think you deserve"…"you're not a hardened criminal. Mr. Taylor's right. You're not. I've always felt watching you speak and write in which you've done many times that you deserve a better fate", Sent. Tr. 38-39, "(y)ou're not that hardened, violent person", Sent. Tr. 39; "You're very bright. You're very intelligent. Your record is not so severe that if I was given the chance I would sentence you to 30 years. I never sentenced anybody in a murder case to less than 40 years." Sent. Tr. 40. "But I can tell you I didn't sentence a lot of people to 60 years. Half of that would have been 30. That required a brutal, heinous murder, something real severe. And when I was doing all that murder sentencing in the State Court, I never thought I'd be giving people sentences equivalent to murder sentences for the drug business, and that is obviously the way many people look at it." Id. "So my sentence to you isn't out of anger. It isn't because I believe that you deserve 30 years. It's because that's the law, and I have to enforce it and administer it." Sent. Tr. 42.

So the Court's comments appear to be opposite of, say, a bank robbery sentencing, sticking a gun in a tellers face, prior bank robberies proven up, violent record, the district court saying it wished it could be more than the 20 year statutory maximum, even life, or the circumstance in the felon in possession of a firearm case, decided on the same day *Paladino* was decided: "His sentence was 120 months' imprisonment; the judge expressed frustration at his inability to impose a higher one, which the statutory maximum forbade." *U.S. v. Lee*, 399 F.3d 864, 865 (7th Cir., 2005). The career offender status based on two prior drug felonies at ages 17 and 22 prohibited the Court from considering a lesser sentence. Now it is possible under advisory Guidelines and has been done. The defendant, Lewis Gray Naylor, Jr., pled guilty on December 16, 2004, to a charge of conspiracy to manufacture more than fifty grams of a mixture of methamphetamine". *U.S. v. Naylor*, 359 F.Supp.2d 521, 522 (W.D.Va., 2005).

"Had Naylor not been classified as a career offender, the PSR report found that his guideline calculation under the Sentencing Guidelines would have been a Total Offense Level of 26, with a Criminal History Category of VI, for an incarceration range of 120 to 150 months. However, based on his career offender status, Naylor had a Total Offense Level of 31, again with a Criminal History Category of VI, resulting in a range of 188 to 235 months imprisonment." *U.S. v. Naylor*, 359 F.Supp.2d 521, 523 (W.D.Va., 2005)

Jones' situation without career status would've been base level of 26, upped to 28 because of what cooperating witnesses said he did or said he did, with a criminal history category of V (110-137 months or 130-162 months).

"Naylor's nine convictions for breaking and entering were based on offenses that began on November 24, 1989, and ended on January 3, 1990. Naylor turned seventeen on December 11, 1989. As the Supreme Court has recently noted, there are significant differences in the moral responsibility for crime between adults and

5

juveniles under eighteen. *See Roper v. Simmons,* ---U.S. ----, 125 S.Ct. 1183, 1194-96, --- L.Ed. ---- (2005) (holding that the execution of persons under the age of eighteen at the time of their crime is unconstitutional). Juveniles have an underdeveloped sense of responsibility, are more vulnerable to negative influences and peer pressure, and their character is not as well formed as an adult's. *Id.* at 1195-96. Thus, 'it is less supportable to conclude that even a heinous crime committed by a juvenile is evidence of irretrievably depraved character.' *Id.*

"I do not hold that career offender status cannot be imposed on any defendant whose predicate convictions were for crimes occurring before age eighteen. In this case, however, a due regard for the 'history and characteristics of the defendant,' 18 U.S.C.A. § 3553(a)(1), convinces me that these prior convictions should not be used to enhance the sentence as suggested by the guidelines.

"Moreover, while the guidelines classify the defendant as a career offender, that classification depends on close distinctions that do not justify an enhanced sentence here. Under the career offender guidelines, a predicate felony must be an 'adult' conviction, but that definition includes a conviction for an offense committed before age eighteen 'if it was classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted,' as in the present case. USSG § 4B1.2 cmt. n. 1. Moreover, convictions that were imposed outside of the applicable time limits for counting prior sentences for criminal history are also excluded. *See* USSG § 4B1.2 cmt. n. 3; *United States v. Robertson,* 260 F.3d 500, 509 (6th Cir.2001). As a practical matter this prevents convictions for offenses committed under age eighteen from being counted in many cases as predicate offenses.

Thus, if Naylor had been treated as a juvenile in 1990 when he was charged with these crimes, some of which he committed when he was only sixteen years old, or if his present crime had been committed a few months later, so has to bar the use of the 1990 convictions, he would not have been classified as a career offender. These technical distinctions concerning age, which have such ramifications for the ultimate sentence, persuade me that I should not apply the career offender enhancement.

For the foregoing reasons, I determine that a reasonable sentence for Naylor is 120 months imprisonment, within the sentencing range had he not been determined to be a career offender. This sentence takes into account the Sentencing Guidelines, while at the same time giving consideration to the defendant's individual history." *U.S. v. Naylor,* 359 F.Supp.2d 521, 524 -525 (W.D.Va., 2005).

This discussion is applicable to Jones, with one of the two underlying drug cases being at age 17, the 1994 attempted delivery of a controlled substance. One stares at 705 ILCS 405/5-130 in the Illinois Juvenile Court Act to figure out why he was prosecuted as an adult, certainly the PSR at p. 9 ¶ 33 gives no clue. At any

rate, the "history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1) were well stated by Court and counsel alike. "He doesn't have an extensive criminal history. It's not horrendous. Your Honor, you and I and I'm sure (counsel for Jones) have all seen criminal histories that were much longer with more heinous crimes than this defendant." Sent. Tr. 22 (Government). The Court: "you're not a hardened criminal. Mr. Taylor's right. You're not. I've always felt watching you speak and write in which you've done many times that you deserve a better fate", Sent. Tr. 38-39, "(y)ou're not that hardened, violent person", Sent. Tr. 39; "You're very bright. You're very intelligent. Your record is not so severe that if I was given the chance I would sentence you to 30 years. I never sentenced anybody in a murder case to less than 40 years." Sent. Tr. 40. In considering the 3553(a) history and characteristics, his two class threes show Jones to be a "low-level drug dealer". *U.S. v. Williams*, 372 F.Supp.2d 1335, 1339 (M.D. Fla., 2005). Compare:

> "The court stated that Graves had 'a track record in both vicious violence with guns and trafficking in the most destructive drug around and, so, the sentence is appropriately a heavy one.'" *U.S. v. Graves*, 418 F.3d 739, 746 (7th Cir., 2005) (360 months as career offender).

Unmistakably, this Court had in mind the disparity between federal and state sentences, as have other courts:

> "The district judge sentenced Wilkerson to the lowest available sentence under the Guidelines. He repeatedly expressed his concern about disparate treatment between federal and state court sentences in similar cases, but stated that the Guidelines did not permit him to take that disparity into account." *U.S. v. Wilkerson*, 411 F.3d 1, 10 (1st Cir., 2005)

> "Alternatively, on review of the record, the court finds that a departure for overrepresentation of criminal history category would also be warranted in this case. The court can depart downward under this section on its own motion. *See*

7

*United States v. Senior,* 935 F.2d 149, 150-51 (8th Cir.1991) (affirming downward departure raised by court on its own motion). The court can consider, for example, the historical facts of a defendant's criminal career, including his age when he committed the offenses, the proximity in time of the convictions, and 'the state's assessment of the seriousness of [defendant's] crimes as reflected by the state courts' handling of sentencing.' *Id.* at 151. In departing, the court should apply the Guideline range that would have applied absent the overstatement of his criminal history." *U.S. v. Rodriguez,* 2005 WL 1319259, 4 (D. Neb., 2005).

The Class X felony in Illinois to possession with intent to deliver 400 grams or more but less than 900 grams of a substance containing cocaine carries a sentencing range of not less than 12 years and not more than 50 years. 720 ILCS 401(a)(2)(C). He did receive juvenile incarceration in 1993 for possession of a controlled substance with intent to distribute, 2 years as an adult in 1994 for the attempt delivery Class 3, and 5 years for the possession of cannabis with intent to deliver, his other Class 3.

Other considerations at an advisory hearing would of course warrant a much closer examination of the factors in the Offender Characteristics in the PSR (pages 12-15), of lesser concern in a mandatory career sentencing hearing, where the greater concern is the generational skipping nature of one and the life expectancy of the recipient, as was indeed the case here. Sent. Tr. p. 22-28 (Government and Court discussion, Jones' life expectancy being 62.9 years, p.28). The Court did allude to some of the 18 U.S.C. § 3553(a) factors for consideration now available at an advisory sentencing, well covered by Judge Adelman early on in analyzing the *Booker* framework:

"The remedial majority held that district courts must still consider the guideline range, 18 U.S.C. § 3553(a)(4) & (5), but must also consider the other directives set forth in § 3553(a). Thus, under *Booker,* courts must treat the

guidelines as just one of a number of sentencing factors. Section 3553(a) requires courts to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.' Section 3553(a)(2) states that such purposes are:

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant; and

"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

"Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

"The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines and, as one court suggested, 'only depart ... in unusual cases for clearly identified and persuasive reasons.' *United States v. Wilson,* 350 F.Supp.2d 910, 912, 2005 WL 78552, at 1 (D. Utah 2005). The approach espoused in *Wilson* is inconsistent with the holdings of the merits majority in *Booker,* rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker,* directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore. For example, under § 3553(a)(1) a sentencing court must consider the 'history and characteristics of the defendant.' But under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, § 5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, § 5H1.4, his employment record, § 5H1.5, his family ties and responsibilities, § 5H1.6, his socio-economic status, § 5H1.10, his civic and military contributions, § 5H1.11, and his lack of guidance as a youth, § 5H1.12. The guidelines' prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the 'history and characteristics' of the defendant. The only aspect of a defendant's history that the guidelines permit courts to consider is criminal history. Thus, in cases in which a defendant's history and character are positive, consideration of all of the § 3553(a) factors might call for a sentence outside the guideline range. *U.S. v. Ranum,* 353 F.Supp.2d 984, 986 (E.D. Wis., 2005).

All these considerations are now proper for examination at an advisory hearing, not examined much here, given career sentencing mandate. The Court was concerned with Jones' age, his life expectancy and how the sentence, constrained as it was by mandatory career criminal status the Guidelines imposed, was frustrated in having to impose a generational skipping one of thirty years, or twenty five and a half years at 85%, on the 26 year old Jones'. When the Court said, "You're very bright. You're very intelligent. Your record is not so severe that if I was given the chance I would sentence you to 30 years", it may have been alluding to rehabilitative potential. The true sentencing question in this regard involves the 18 U.S.C.A. § 3553(a) directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2": what's it more predicatively going to take for Jones to both rehabilitate and not recidivate? Some youth and early middle age, but not most of his life, as is indeed necessary for the demonstrably so, truly vicious gang bangers, drug kingpins and bank robbers.

This Court said Jones "received a sentence I believe is excessive." Sent. Tr. 39. Philip D. Jones respectively requests indication to the Seventh Circuit Court of Appeals that it would resentence.

> Respectfully submitted,
>
> s/ John C. Taylor
> John C. Taylor Bar Number: 3124616
> CJA attorney for the Defendant,
> Philip D. Jones
> John C. Taylor Attorney
> 2105 South Zuppke
> Urbana, Illinois 61801
> Phone 217-840-3333

10

## CERTIFICATE OF SERVICE

    I hereby certify that on September 19, I presented the foregoing and Exhibit "A", Sentencing Transcript May 30, 2003, two documents, to the Clerk of the Court for filing a virus free CD of them, pre-scanned for viruses, and uploading to the CM/ECF system, which will send notification of such filing to the following: <u>AUSA COLIN S. BRUCE, U.S ATTORNEYS OFFICE, 201 S. VINE, URBANA, IL 61802</u> and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants: <u>(NONE).</u>

    <u>s/ John C. Taylor</u>
John C. Taylor Bar Number: 3124616
CJA attorney for the Defendant, Philip D. Jones
John C. Taylor
Attorney
2105 South Zuppke
Urbana, Illinois 61801
Phone 217-840-3333