E-FILED
Wednesday, 30 November, 2005 02:55:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02-CR-20014 |
| PHILIP D. JONES, | ) |
| Defendant. | |

### DEFENDANT'S RESENTENCING MEMORANDUM

Defendant, Philip D. Jones, by his attorney, John C. Taylor, noting the Seventh Circuit Court of Appeals on October 6, 2005 vacated Jones' sentence and remanded the case for a resentencing, "which must be conducted in conformity with *Booker*", states the following in support of a sentencing range between 120 months to 162 months, a range in this case which is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" (seriousness of the offense, respect for the law, provide just punishment, adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner), 18 U.S.C. 3553(a):

1.   He would ask this Court to consider the previously filed Document # 102, Position Statement by Philip D. Jones regarding Limited Remand filed September 19, 2005, along with Attachment # 1, Exhibit A (original Sentencing Transcript of May 30, 2003), for case history, facts and argument, which he adopts.

He would further ask the Court to implement its previous sentencing comments and observations in the Sentencing Transcript of the hearing May 30, 2003 as findings in this resentencing hearing.

2. Given the Seventh Circuit's resentencing directive it be conducted in conformity with *Booker* in its October 6, 2005 Order, *Booker* itself says:

"We answer the question of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C.A. § 3553(b)(1) (Supp.2004), incompatible with today's constitutional holding. We conclude that this provision must be severed and excised, as must one other statutory section, § 3742(e) (main ed. and Supp.2004), which depends upon the Guidelines' mandatory nature. So modified, the Federal Sentencing Act, see Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.*, 28 U.S.C. § 991 *et seq.*, makes the Guidelines effectively advisory. It *requires* a sentencing court to *consider* Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it *permits the court to tailor the sentence in light of other statutory concerns as well*, see § 3553(a) (Supp.2004). *U.S. v. Booker*, 125 S.Ct. 738, 756-757 (2005)(emphases added).

On into the remedial opinion, as to what this means:

"Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines *together with other sentencing goals*. See 18 U.S.C.A. § 3553(a) (Supp.2004). The Act nonetheless requires judges to consider the Guidelines 'sentencing range established for ⋯ the applicable category of offense committed by the applicable category of defendant,' § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp.2004). And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide *just punishment*, afford *adequate deterrence*, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp.2004) (see Appendix, *infra*, for text of § 3553(a)). *U.S. v. Booker*, 125 S.Ct. 738, 764-765 (2005)(emphases added).

3. Post *Booker* statutory considerations of heightened significance:

"**(a) Factors to be considered in imposing a sentence.**--The court *shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.* The court, in determining the particular sentence to be imposed, shall consider--

2

**(1)** the nature and circumstances of the offense and the *history and characteristics of the defendant*;
"**(2)** the need for the sentence imposed--
"**(A)** to reflect the seriousness of the offense, to promote respect for the law, and *to provide just punishment* for the offense;
"**(B)** to afford adequate deterrence to criminal conduct;
"**(C)** to *protect the public from further crimes of the defendant*; and
"**(D)** *to provide* the defendant with needed *educational or vocational* training, *medical* care, or other *correctional treatment* in the most effective manner;
"**(3)** the kinds of sentences available;
"**(4)** the kinds of sentence and the sentencing range established for--
"**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
"**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
"**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
"**(B)** in the case of a violation of probation or supervised release…(N/A)
"**(5)** any pertinent policy statement--
"**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
"**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [FN1]
"**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
"**(7)** the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(emphases added).

In imposing the 18 U.S.C. 3553(a) sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" (seriousness of the offense, respect for the law, provide just punishment, adequate deterrence to criminal conduct, protect the public from further

3

crimes of the defendant, provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner), cross reference must be made to 18 U.S.C.A. § 3582(a), another post *Booker* statute of heightened significance when imprisonment is in order, mandated here (emphases added):

> **(a) Factors to be considered in imposing a term of imprisonment.**--The court, in determining whether to impose a term of imprisonment, and, *if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a)* to the extent that they are applicable, recognizing that *imprisonment is not an appropriate means of promoting correction and rehabilitation.*" 18 U.S.C.A. § 3582.

Finally, and in examining the original sentencing transcript in regards to Jones' demeanor and characteristics observed by the Court, this statutory consideration is also of greater importance in a post *Booker* sentencing:

> "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C.A. § 3661. See, "*Observations* concerning Matthews's *demeanor* and the nature of his Rule 11(d) speech evidence a lack of contrition and cooperation on appellant's part. The *use of these factual matters in imposing sentence falls completely within the scope of the district court's authority.* See 18 U.S.C. § 3577 (1982) (no limit on information covering "background, character, and conduct" of a person which may be considered for imposing sentence)". *U.S. v. Matthews*, 773 F.2d 48, 52 (3d Cir., 1985)(citation omitted)(emphases added).  See also, "A district court has the authority to impose sentences that are less severe than those that the guidelines recommend.  See 18 U.S.C. § 3553; Guidelines Manual, § 5K2.0.  In exercising this authority, a court may consider, without limitation, any information about the background, character and conduct of the defendant.  See 18 U.S.C. § 3661; Guidelines Manual, § 1B1.4." *U.S. v. Jaroszenko*, 92 F.3d 486, 491 (7th Cir., 1996)

4.    So we know Jones' statutory sentencing range, mandatory minimum of 10 years, maximum, life, 21 U.S.C.A. § 841(b), and the Guidelines advice in this

4

case as a result of Jones' career offender status, offense level of 37 and criminal history category of VI, to sentence him somewhere between 30 years and life and the original Guideline minimum sentence of 30 years, one the Court then believed "excessive", Sent. Tr. 39, and the Court's then observations of Jones': "you're not a hardened criminal. Mr. Taylor's right. You're not. I've always felt watching you speak and write in which you've done many times that you deserve a better fate", Sent. Tr. 38-39, "(y)ou're not that hardened, violent person", Sent. Tr. 39; "You're very bright. You're very intelligent. Your record is not so severe that if I was given the chance I would sentence you to 30 years." Sent. Tr. 40. Now, with the Court's ability "to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp.2004)", *U.S. v. Booker*, 125 S.Ct. 738, 756-757 (2005), 18 U.S.C.A. § 3661, *infra*, is of significance to this Court's previous sentencing factual observations, matters and conclusions regarding Jones' "history and characteristics", 18 U.S.C. 3553(a), should this Court deem them now appropriate for findings in resentencing him, as Jones asks, not at a career level status:

> "Deciding whether or not the sentence imposed by the district court is reasonable entails deferential review. *Mykytiuk*, 415 F.3d at 608; *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005), *cert. denied*, 2005 WL 816208 (U.S. Oct.3, 2005). The question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a)-'many [of which] are vague and, worse perhaps, hopelessly open-ended,' *Dean*, 414 F.3d at 729-nor what sentence we ourselves ultimately might have decided to impose on the defendant. We are not sentencing judges. Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *U.S. v. Williams*, 425 F.3d 478, 481 (7th Cir., 2005)

5

It is "logical and consistent" with what this Court knows and has observed about Jones' that he, and his record, does not show him to be "that hardened, violent person", Sent. Tr. 39, see also Document # 102, Position Statement by Philip D. Jones regarding Limited Remand, deserving of a 30 year sentence called for by career level status, not a "logical and consistent" sentence in light of his "history and characteristics", 18 U.S.C. 3553(a), certainly not "just punishment", 18 U.S.C. 3553(a)(2)(A), *U.S. v. Booker*, 125 S.Ct. 738, 764-765, amounting to excessive "deterrence", 18 U.S.C. 3553(a)(2)(B), *Booker*, ignoring the edict calling for a sentence that is "not greater than necessary", 18 U.S.C.(a) "to protect the public from further crimes of the defendant", 18 U.S.C. 3553(a)(2)(B), in obviously not accounting for rehabilitative potential of Jones ("if a term of imprisonment is to be imposed, *in determining the length of the term*, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that *imprisonment is not an appropriate means of promoting correction and rehabilitation*", 18 U.S.C.A. § 3582(emphases added)); the original thirty years, or twenty five and a half years at 85%, on the then 26 year old Jones' means he would be released at the earliest at age 51 ½ years old, with a little more than 10 years of life left if the life expectancy noted in the original Sentencing Transcript at p. 28 of 62.9 years is valid, "is not an appropriate means of promoting correction and rehabilitation", 18 U.S.C.A. § 3582, given his "history and characteristics", 18 U.S.C. 3553(a), observed by this Court at the original sentencing hearing on May 30, 2003. Insofar as there is a "need to avoid unwarranted sentence disparities

6

among defendants with similar records who have been found guilty of similar conduct", 18 U.S.C. 3553(a)(6), this case where the district court deviated downward from a career offender status of offense level 37 and criminal history category VI (360 months to life) to 204 months should be compared:

"Defendant, Aaron Eric Williams, is a 29 year old male who has engaged in a consistent pattern of criminal conduct since age 16. In his teenage years, he was charged on several occasions with assault and battery and possession of marijuana (PSR ¶¶ 31-35). In his 20s, this conduct continued. In addition to incidents of domestic violence, Williams sustained 8 convictions for the possession of, or possession with intent to distribute, illegal drugs (marijuana and cocaine). As a result of these drug offenses, he was sentenced to a total of approximately 3 1/2 years in state confinement (PSR ¶¶ 37-47). In essence, Williams has been, for many years, a petty drug dealer." *U.S. v. Williams*, 372 F.Supp.2d 1335, 1336 (M.D. Fla., 2005)

In *Williams*, the district court concluded:

"In considering all of the statutory factors, including the sentencing guidelines, the Court imposes a sentence of 204 months. This is a substantial term for a relatively minor offense. But, given the circumstances (crack versus powder cocaine) and Williams' long history of selling illegal drugs, a lengthy sentence is warranted. A guideline sentence, however, is not." *U.S. v. Williams*, 372 F.Supp.2d 1335, 1339 (M.D. Fla., 2005); see also *U.S. v. Naylor*, 359 F.Supp.2d 521 (W.D. Va., 2005) ("I determine that a reasonable sentence for Naylor is 120 months imprisonment, within the sentencing range had he not been determined to be a career offender." 359 F. Supp.2d at 525. This was a conspiracy to manufacture more than fifty grams of methamphetamine, 21 U.S.C.A. §§ 841(a)(1) and 846, violence, with 9 convictions of breaking and entering).

Jones' criminal history is a lot less severe than that in *Williams* and he is not a "violent person". Sent. Tr. 39.

Finally, as to the crack powder disparity in the Guidelines:

"In the present case, I concluded that adherence to the guidelines would result in a sentence greater than necessary and would also create unwarranted disparity between defendants convicted of possessing powder cocaine and defendants convicted of possessing crack cocaine. The question then became what ratio to apply. *U.S. v. Smith*, 359 F.Supp.2d 771, 781 (E.D. Wis., 2005).

7

"Although the Commission did not propose guideline amendments in 2002, its proposal for modifying the mandatory minimum thresholds, translated into guideline terms, would have resulted in a roughly 20:1 ratio. Using this conversion, defendant's drug weight would have been 410 kilograms of THC: [653.19 g of power x 200 g = 130,638 g THC] + [69.99 g of crack x (200 x 20 = 4000) = 279,960 g THC]. This calculation produced a base offense level of 28 rather than 32. With the § 5K1.1 departure and other adjustments, the offense level was 17 (28 + 2-3-10), creating a range of 27-33 months." *U.S. v. Smith*, 359 F.Supp.2d 771, 782 (E.D. Wis., 2005).

In regards to the crack powder disparity in the Guidelines, in is of interest the Seventh Circuit recently has *not* at all rejected a district court consideration of it, and Jones would request consideration of it here:

"Gipson's sole argument on appeal is that the penalties under the guidelines for crack cocaine as contrasted with powder are 'grossly disproportionate,' and therefore his sentence is unreasonable within the meaning of *United States v. Booker*, --- U.S. ----, ---- - ----, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005). According to Gipson, dealing crack and powder cocaine constitute similar conduct; by punishing crack cocaine with a proportionately higher penalty than cocaine in its powder form, the district court failed to consider 'the need to avoid unwarranted sentence disparities' among similarly situated defendants, as enumerated in 18 U.S.C. § 3553(a)(6). In further support of this argument, Gipson points to *United States v. Smith*, 359 F.Supp.2d 771, 777 (E.D.Wis.2005), *appeal dismissed*, No. 05-1910 (7th Cir. May 18, 2005), where the district court opined that the sentencing guidelines, which punish one gram of crack the same as 100 grams of powder cocaine, 'lack[ ] persuasive penological or scientific justification.' And, Gipson adds, the sentencing differential has a disparate impact on African Americans.

"The question in the present case, however, is not whether after *Booker* a sentencing court may use the differential as a reason to impose a shorter sentence than the one recommended by the guidelines, but rather whether it is error for a court *not* to have taken the differential into account. Given the fact that we have routinely upheld the differential against constitutional attack, including equal protection claims, *see, e.g., United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir.1997) ('In light of the fact that every constitutional challenge to the penalty differential ⋯ has failed, this argument cannot succeed.'); *United States v. Booker*, 73 F.3d 706, 710 (7th Cir.1996) (rejecting argument that district court should have departed downward because higher penalties imposed on crack cocaine have disparate impact on African Americans), and, under the pre- *Booker* guideline system, rejected wholesale downward departures from the guideline on this basis, *id.* at 710 ('[E]very circuit court to address the issue has concluded a departure ⋯

8

on this basis is not warranted.'), it would be inconsistent to *require* the district court to give a nonguideline sentence based on the differential." *U.S. v. Gipson*, 425 F.3d 335, 337 (7th Cir., September 28, 2005)(Court emphases).

Respectfully submitted,

s/ John C. Taylor
John C. Taylor Bar Number: 3124616
CJA attorney for the Defendant, Philip D. Jones
John C. Taylor Attorney
2105 South Zuppke
Urbana, Illinois 61801
Phone 217-840-3333

### CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2005, I presented the foregoing to the Clerk of the Court for filing a virus free floppy disc, pre-scanned for viruses, and uploading to the CM/ECF system, which will send notification of such filing to the following: AUSA COLIN S. BRUCE, U.S ATTORNEYS OFFICE, 201 S. VINE, URBANA, IL 61802 and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants: (NONE).

s/ John C. Taylor
John C. Taylor Bar Number: 3124616
CJA attorney for the Defendant, Philip D. Jones
John C. Taylor
Attorney
2105 South Zuppke
Urbana, Illinois 61801
Phone 217-840-3333

9