# United States Court of Appeals

### For the Seventh Circuit

### Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

DATE: July 18, 2006

TO: John M. Waters
United States District Court
Central District of Illinois
Suite 218
201 S. Vine Street
U.S. Courthouse
Urbana, IL   61802-3369

**FILED**

JUL 19 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

FROM: Clerk of the Court

RE: 05-4757
USA v. Jones, Philip
02 CR 20014, Michael P. McCuskey, Chief Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                                              **TO BE RETURNED AT LATER DATE:**
[2]     Volumes of pleadings                               [ ]
[ ]     Volumes of loose pleadings                         [ ]
[4]     Volumes of transcripts                             [ ]
[1]     Volumes of exhibits                                [ ]
[ ]     Volumes of depositions                             [ ]
[3]     In Camera material                                 [ ]
[ ]     Other_____                [ ]

        Record being retained for use                      [ ]
        in Appeal No. _____

Copies of this notice sent to:     Counsel of record
[X]     United States Marshal
[X]     United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: __7/19/06__                             s/V. Ball_____
(1071-120397)                                 Deputy Clerk, U.S. District Court



**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 12, 2006
Decided June 26, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 05-4757 | |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States<br>District Court for the<br>Central District of Illinois |
| *v.* | |
| PHILIP D. JONES,<br>*Defendant-Appellant*. | No. 02-20014<br><br>Michael P. McCuskey, *Chief Judge.* |

## ORDER

This is the second time that we have considered Philip Jones's sentence since we affirmed his 2002 conviction for possession with the intent to distribute more than 500 grams of cocaine. See *United States v. Jones*, 389 F.3d 753 (7th Cir. 2004). During the first round of sentencing, the district court classified Jones as a career offender under USSG § 4B1.1 and sentenced him to 360 months in prison–the minimum sentence within the applicable guidelines range of 360 months to life. After this court upheld Jones's conviction and sentence, the Supreme Court granted certiorari and remanded his case to us for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). We ordered a limited remand pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the district court an

No. 05-4757                                                                                          Page 2

opportunity to consider whether it would have imposed the same sentence with the knowledge that the guidelines are not mandatory. The district court replied that it would have ordered a different sentence under the advisory guidelines regime, and in due course, we vacated Jones's sentence and remanded his case to the district court.

On remand, the district court reaffirmed that the advisory guidelines range was 360 months to life, but it decided to sentence Jones below that range, to 240 months in prison. Still dissatisfied, Jones filed a notice of appeal. His appointed lawyer has now moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous grounds for appeal. We informed Jones that he could respond to counsel's motion, see Circuit Rule 51(b), but he has not done so. We therefore limit our review to the potential issues raised in counsel's facially adequate brief. See *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers a potential argument that the district court erred in classifying Jones as a career offender. Under USSG § 4B1.1, a defendant is a career offender if, among other criteria, she has at least two prior convictions for either a crime of violence or a controlled substance offense. In classifying Jones as a career offender, the district court took into account Jones's 1994 conviction for attempted delivery of a controlled substance and his 1999 conviction for possession of cannabis with the intent to deliver, both from Macon County, Illinois. According to counsel's brief, at his initial sentencing, Jones objected to the district court's consideration of the 1994 conviction. Although he admitted that he had served nearly two years in custody for that offense, and USSG § 4B1.2(b) (which defines the terms used in § 4B1.1) defines "a controlled substance offense" as any offense punishable by a term of imprisonment of more than one year, Jones argued that there was some error in the state court proceeding and that he should have been sentenced for a misdemeanor offense. As counsel notes in his *Anders* brief, Jones has probably waived this argument, because he did not raise any objection to the district court's consideration of the 1994 conviction at resentencing. Putting waiver or forfeiture to one side, we agree with counsel that any such argument would be frivolous. A "prior conviction is conclusive for purposes of recidivist sentencing." *Ryan v. United States*, 214 F.3d 877 (7th Cir. 2000). The fact is that Jones was convicted of a controlled substance offense punishable for a term exceeding one year, and we will not consider any challenges to the propriety of that conviction or sentence at this point. Second, based on objections that Jones made during resentencing, counsel also anticipates that Jones might try to argue that his 1999 conviction for possession of cannabis is not a "controlled substance offense" for purposes of the career offender enhancement. Any such argument is foreclosed, however, by our decision in *United States v. Kelly*, 991 F.2d 1308, 1316 (7th Cir. 1993).

Counsel also considers whether Jones could challenge his sentence as unreasonable. In the absence of any argument that the district court's guidelines

No. 05-4757 Page 3

calculation was incorrect, we have a hard time imagining what Jones would want to say. The district court has already given him a sentence 120 months below the bottom of the advisory guidelines range. Specifically, after calculating that range and then considering the factors listed in 18 U.S.C. § 3553(a), including the fact that Jones was not a violent offender and that he had the potential for rehabilitation, the district court concluded that the minimum 360-month sentence under the guidelines was too harsh, but that sentencing Jones to the ten-year statutory minimum would be unreasonable in light of Jones's status as a repeat offender. As a result, the district court decided to split the difference and sentenced Jones to 240 months in prison. We have said that it is sufficient for the district court to "calculate the [guideline] range accurately and explain why (if the sentence lies outside it) the defendant deserves more or less." *United States v. Alburay*, 415 F.3d 782, 787 (7th Cir. 2005). The district court's resentencing decision fully justifies the sentence it imposed. In fact, we think that Jones fared pretty well at resentencing.

We **GRANT** counsel's motion to withdraw and **DISMISS** Jones's appeal.

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

CERTIFIED COPY

JUDGMENT- WITHOUT ORAL ARGUMENT

Date: June 26, 2006

BEFORE:         Honorable FRANK H. EASTERBROOK, Circuit Judge

                Honorable MICHAEL S. KANNE, Circuit Judge

                Honorable DIANE P. WOOD, Circuit Judge

No. 05-4757

UNITED STATES OF AMERICA,
            Plaintiff - Appellee
   v.

PHILIP D. JONES,
            Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 02 CR 20014, Michael P. McCuskey, Chief Judge

         This appeal is DISMISSED.  The above is in accordance with the
    decision of this court entered on this date.


(1060-110393)